UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
*et al.*,

         Plaintiffs,

v.

AYMAN TARABISHY, M.D., PLLC,
*et al.*,

         Defendants.
_____/

Case No. 4:22-CV-12736
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT AND TO COMPEL (ECF NO. 34) AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO HOLD CLAIM REIMBURSEMENT SPECIALISTS, LLC IN CONTEMPT, TO COMPEL, AND FOR SANCTIONS (ECF NO. 37)

**A.**    **Background**

On July 13, 2023, Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and ASMI Auto Insurance Company filed an amended complaint against Ayman Tarabishy, M.D., PLLC and Ayman Tarabishy. Plaintiffs assert claims for (1) violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c); (2) common law fraud; (3) payment under mistake of fact; and, (4) unjust enrichment. (ECF No. 17.) In addition to compensatory

damages of approximately $450,000, Plaintiffs also seek declaratory relief. (*Id.*) Judge Behm referred this case to me for all discovery matters pursuant to 28 U.S.C. § 636(b). (E.C.F. No. 28.)

Plaintiffs filed an initial motion to compel on May 22, 2023 (ECF No. 30), which was promptly resolved by stipulation on June 7, 2023 (ECF No. 32.) An additional stipulated order resolved a dispute with respect to a subpoena between Plaintiff and non-party Claims Reimbursement Specialists, LLC (CRS), obviating the need to file a motion. (ECF No. 33.) Plaintiffs now claim that Defendants have violated the terms of the stipulated order.

**B.    Instant Motions**

Before the Court are two discovery motions brought by Plaintiffs pursuant to Federal Rule of Civil Procedure 37: (1) a motion against Defendants for contempt, for sanctions, and to compel (ECF 34); and, (2) a motion against nonparty Claim Reimbursement Specialists, LLC ("CRS") for contempt, for sanctions, and to compel (ECF No. 37). All discovery matters, and then specifically these two motions were referred to me by Judge Behm. (ECF Nos. 28, 35, 39.) On September 21, 2023, I conducted a hearing, at which Attorneys Andrew H. DeNinno, Emily R. Warren, Gary R. Blumberg, and Peter W. Joelson appeared.

C.  Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' two motions to compel (ECF No. 34 and 37), as narrowed by the joint statements of resolved and unresolved issues (ECF Nos. 48 & 49), are **GRANTED IN PART AND DENIED IN PART** as further detailed below.

1. **Motion Against Non-party CRS (ECF No. 37)**

Plaintiffs' motion against non-party CRS (ECF No. 37) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** in that Plaintiffs will be allowed to conduct a continued Rule 30(b)(6) deposition through written questions pursuant to Rule 31. *See* Fed. R. Civ. P. 31(a)(4). Reflecting that a "lawsuit is a search for truth," *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981), the Court will allow the additional deposition, but orders that the written questions shall be limited in number to 18 and limited in scope to the general methodology for the selection of codes for the types of services billed by or on behalf of Enhance Center for the period of January 1, 2017 to the present. Plaintiffs shall serve their questions on or before **Thursday, September 28, 2023**, and CRS shall respond by **Monday, October 16, 2023**.

The motion against CRS is **DENIED** in all other respects. First, Plaintiffs rely on Rule 37 for their request for sanctions, but this Rule "applies to discovery violations committed by *parties*," which CRS is not. *See Powell v. State Farm Mut. Ins. Co.*, No. 11-11280, 2012 WL 12930351, *2 (E.D.Mich. July 25, 2012) (emphasis in original). Moreover, Plaintiffs have not shown by "clear and convincing evidence" that CRS has violated "a definite and specific order of the court" to justify any contempt finding. *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F. 3d 373, 375 (6th Cir. 2003) (internal citation omitted). Finally, for the reasons stated on the record and neither party having fully prevailed, the Court awards no costs. *See* Fed. R. Civ. P. 37(a)(5)(C).

2. **Motion Against Defendants (ECF No. 34)**

Plaintiffs' motion against Defendants (ECF No. 34) is also **GRANTED IN PART AND DENIED IN PART.** By the time of the hearing, the parties had admirably narrowed the remaining issues to only five, which are resolved as follows:

- **Unresolved Issue No. 1: Production of Patient Records and Bills.** Defendants have made the required certification with respect to their production of documents in their possession. Defendants have also already requested their employees to search their personal devices and, by

**Wednesday, October 4, 2023,** Defendants shall supplement and certify their response as to searches of any personal devices by employees.

- **Unresolved Issue No. 2: Production of Financial Records Required by the Order.** Defendants have made the required certification with respect to their production of documents in their possession. Plaintiff points to no contrary and knowledgeable witness testimony. This request is **DENIED WITHOUT PREJUDICE.**

- **Unresolved Issue No. 3: Production of Emails, Text Messages, and Other Communications Required by the Order.** By **Thursday, September 28, 2023**, Plaintiff will propose terms for searching the category of emails, text messages, and communications referenced in the stipulated order (ECF No. 32), and by **Tuesday, October 3, 2023,** the parties shall agree on the terms to be searched and shall also agree on a date by which any documents responsive to the search terms shall be produced.

- **Unresolved Issue No. 4: Production of Documents Related to Cash Payments.** By **Tuesday, October 10, 2023,** Defendants shall supplement their discovery responses by either producing, or certifying they have no further records responsive to Request to Produce Number 34 (ECF No. 34-2, PageID.782), including any invoices, evidence of payment and cash receipts,

and Defendants will produce transaction ledgers with the redaction of patient names.

- **Unresolved Issue No. 5: Production of Transcripts of Sworn Testimony.**

Defendants shall conduct another search and will further ask any attorney who may have represented Dr. Tarabishy and may have possession of any sworn testimony related to the operations of Enhance Center (*id.*), including but not limited to litigation regarding efforts to get bills paid or collection efforts. Defendants shall supplement their responses by **October 5, 2023,** with any responsive testimony or with a declaration that no such records could be located.

As with Plaintiffs' other motion, the Court awards no costs because neither party fully prevailed.  *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**[1]

Dated: September 22, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).