UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY et al.,

       Plaintiffs,

v.

AYMAN TARABISHY, M.D., PLLC
and AYMAN TARABISHY, M.D.,

       Defendants.
_____/

Case No. 2:22-cv-12736

Honorable Susan K. DeClercq
United States District Judge

# ORDER GRANTING IN PART AND DENYING IN PART AS MOOT PLAINTIFFS' MOTION TO STRIKE EXPERT DESIGNATION OF AYMAN TARABISHY, WALTER FERENCIC, AND OTHER UNNAMED PROPOSED EXPERTS (ECF No. 56)

In this civil RICO case, Plaintiffs Allstate Insurance and its affiliates accuse Defendants Dr. Ayman Tarabishy and his medical clinic, Ayman Tarabishy, M.D., PLLC (doing business as Enhance Center), of running a racketeering scheme to exploit Michigan's no-fault insurance law, MICH. COMP. LAWS § 500.3101 *et seq.*, by generating and submitting fraudulent medical bills for reimbursement. Dr. Tarabishy seeks to be designated as an expert witness, but Allstate objects because he failed to provide a summary disclosure of his proffered opinions and the supporting facts, as required by Civil Rule 26(a)(2)(C). As explained below, Dr.

Tarabishy will not be designated as an expert, but he may still offer lay-witness testimony at trial.

## I. BACKGROUND

On March 2, 2023, the Court entered a Case Management Order, which set forth deadlines for, among other things, identifying expert witnesses, serving all required expert disclosures, and completing expert discovery. *See* ECF No. 26. Under that Order, the deadline for Tarabishy to file an expert-witness list and serve expert disclosures as required by Civil Rule 26(a)(2) was September 29, 2023. ECF No. 26 at PageID.587. On that day, Defendants listed Dr. Tarabishy as a potential expert, ECF No. 51 at PageID.1365, but did not provide the required summary disclosures under Rule 26(a)(2)(C) despite having provided disclosures for a different potential expert. ECF No. 56 at PageID.3554. All that Defendants provided was Dr. Tarabishy's name in a list of potential experts. *See* ECF No. 51 at PageID.1365. Allstate responded by filing a motion to strike his expert designation, ECF No. 56,[1] which has been fully briefed, ECF Nos. 62; 66.

---

[1] Technically, Allstate moved to strike the expert designation of not just Ayman Tarabishy, but also a different proposed expert, Walter Ferencic, and also other unnamed witnesses listed by Tarabishy as "[a]ny medical professionals identified in the medical records for every patient[] identified in Plaintiffs' First Amended Complaint." *See* ECF No. 51 at PageID.1365. However, Tarabishy represents that he does not intend to offer expert testimony from Ferencic or these unnamed witnesses, and so the motion is moot as applied to these additional proposed experts. *See* ECF No. 62 at PageID.4532. The motion will therefore be considered only as to Tarabishy himself.

## II. LEGAL STANDARD

Civil Rule 26(a)(2) governs the disclosure of expert testimony, and it categorizes witnesses by whether they must provide a written report. A witness who is "retained or specially employed to provide expert testimony in the case," or "whose duties as the party's employee regularly involve giving expert testimony" must provide a written report. FED. R. CIV. P. 26(a)(2)(B).

By contrast, witnesses in neither category need not provide a written report. FED. R. CIV. P. 26(a)(2)(C). This category of witnesses frequently includes "physicians or other health care professionals . . . who do not regularly provide expert testimony," like Dr. Tarabishy. FED. R. CIV. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. Even so, for these witnesses, parties must still disclose in writing "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C)(i)–(ii).

If a party fails to disclose information or a witness required by Rule 26(a), then that party may not use that information or witness at trial unless the failure was substantially justified or harmless.[2] FED. R. CIV. P. 37(c). Alternatively, courts have

---

[2] The Sixth Circuit weighs five factors to determine whether a party's omitted or late disclosure was substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the

broad discretion to fashion other appropriate sanctions "in addition to or instead of" exclusion. *Id.*

### III. ANALYSIS

Here, Dr. Tarabishy, as one of Enhance Center's treating physicians, did not need to provide a written report under Rule 26(a)(2)(B). *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (recognizing that "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." (quoting FED. R. CIV. P. 26(a) advisory committee's note to 1993 amendment, subdiv. (a), para. (2))).

At the same time, Defendants acknowledge that they did not provide a summary disclosure for Dr. Tarabishy as required under Rule 26(a)(2)(C) for non-written-report experts. ECF No. 62 at PageID.4527. Nonetheless, Defendants argue that such a disclosure was not required because "the subject matter on which he is expected to offer witness testimony"—that is, opinions regarding the medical necessity of the treatments and billing that Allstate contests—is already evident from the patient files, discovery responses, and deposition testimony he turned over to

---

importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

Allstate. *Id.* To Defendants, preparing a separate disclosure outlining the same evidence would have been "redundant and burdensome." *Id.*

This argument lacks merit. Litigants may not skirt the Federal Civil Rules just because they believe them to be redundant or burdensome. Not to mention, the summary disclosures under Rule 26(a)(2)(C) were specifically designed to be *less* burdensome for litigants. *See* FED. R. CIV. P. 26(a)(2)(C) advisory committee's note to 2010 amendment ("This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)."). Nor is it credible for Defendants to complain about the burden of reviewing the evidence to prepare a disclosure while, in the same breath, asking the Court to pin the identical (if not a greater) burden on Allstate as it prepares for trial. Without the benefit of a summary disclosure, Allstate would need to sift through the record evidence in hopes of ascertaining Dr. Tarabishy's proposed expert opinions and the underlying facts. And even then, Allstate could only guess what his actual testimony would be. Rule 26(a)(2)(C) requires a summary disclosure to prevent exactly this. *See Carrillo v. B & J Andrews Enters., LLC*, No. 11-CV-01450, 2013 WL 394207, at *6 (D. Nev. Jan. 29, 2013) (declining to "place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to" when plaintiff "simply dumped medical records onto Defendants' counsel"). That is why Defendants' broad gesturing at the record evidence is no substitute for a proper summary disclosure. *See Ballinger v. Casey's*

*Gen. Store*, No. 1:10-CV-1439, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) (reasoning that allowing a party to meet Rule 26(a)(2)(C)'s disclosure requirement by simply "dump[ing] a litany of medical records on the opposing party" would contradict "the rule's attempt to extract a 'summary'"); *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *2 (E.D. Mich. Apr. 12, 2016) (noting that Rule 26(a)(2)(C) does not "eliminate the requirement of providing summary disclosures").

At any rate, that is not to suggest that Dr. Tarabishy will be precluded from testifying at trial *at all*. Although Defendants appears to assume otherwise in their briefing, that is not the remedy that Allstate requests. *See* ECF No. 66 at PageID.4830. Nor does the Court view this as an appropriate sanction under Civil Rule 37. Instead, Dr. Tarabishy may still offer lay-witness testimony rationally based on his perceptions under Federal Evidence Rule 701. *See* FED. R. EVID. 701 (permitting lay witnesses to offer opinions that are (1) rationally based on their perception, (2) helpful to clearly understanding their testimony or to determining a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge).

Admittedly, drawing the line between lay and expert testimony for treating physicians like Dr. Tarabishy is sometimes difficult; treating physicians "can pose some challenges on the line between and lay and expert opinion testimony because

they are percipient witnesses who also possess specialized knowledge." *United States v. Betro*, 115 F.4th 429, 450 (6th Cir. 2024). But at the very least, they may testify "to their first-hand observations and treatment" of patients without being qualified as experts. *United States v. Wells*, 211 F.3d 988, 998 (6th Cir. 2000). And they may opine about the cause of a patient's condition, when that opinion is "based on what [the physician] learned through actual treatment of the plaintiff" and their "ordinary medical training." *Betro*, 115 F.4th at 450 (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 872 (6th Cir. 2007)).

Further, because Dr. Tarabishy is the owner and operator of Enhance Center, there is reason to believe that his personal knowledge may touch on a wide variety of issues going beyond just patient treatment. Among other things, he may be intimately familiar with how and why Enhance Center billed for services at issue, what CPT codes were used in that billing, the clinic's general practices and policies, or how clinic staff was trained and supervised. Indeed, the topics on which Allstate deposed Dr. Tarabishy appear to assume as much. *See* ECF No. 62 at PageID.4515–18 (describing deposition topics and testimony for Dr. Tarabishy). Of course, the exact contours of Dr. Tarabishy's personal knowledge will be hammered out later. But there is no question that he may testify based on that knowledge at trial. *See Allstate Ins. Co. v. Performance Orthopedics of Mich. PLLC*, No. 20-CV-12008, 2023 WL 6205425, at \*6 (E.D. Mich. Sept. 21, 2023) (permitting physician-owner

of medical clinic to "testify as a treating physician regarding his observations and knowledge" and to "offer lay witness opinion testimony" despite party's failure to disclose him as an expert).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's "Motion to Strike Expert Designation of Ayman Tarabishy, M.D., Walter Ferencic, and Other Improperly Disclosed Expert Witnesses and Bar Their Expert Testimony at Trial," ECF No. 56, is **GRANTED** as to Dr. Tarabishy. Dr. Tarabishy may still offer lay-witness testimony under Federal Evidence Rule 701. The Motion is **DENIED AS MOOT** as to Walter Ferencic and the other unnamed proposed experts.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 31, 2025